# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-25-312-HE |
| ) | |
| JOSEPH NICANOR ISEZAKI ) | |
| SAN NICOLAS, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE

Joseph Nicanor Isezaki San Nicolas has acknowledged responsibility for his actions that resulted in bank fraud and money laundering, among other relevant conduct. His actions have impacted a number of individuals and organizations. While he cannot erase this impact or his actions, he does have the ability to make amends by paying restitution. Further, the significant amount of restitution that will be imposed will provide an adequate deterrent to any further criminal conduct.

The United States Probation Office has calculated Mr. San Nicolas' advisory guideline range at 46 to 57 months based on an offense level of 23 and a criminal history category of I. (PSR ¶ 81). The guideline range is not in dispute. Mr. San Nicolas respectfully requests the Court to impose a sentence below the guideline range. Given his status as a zero-point offender, his ability to pay restitution, and the additional collateral consequences of his sentence upon him and his family, such a sentence is sufficient, but not greater than necessary, to comply with the statutory directives of 18 U.S.C. § 3553.

# ARGUMENT & AUTHORITY

I. **THE REQUESTED SENTENCE SUPPORTS THE NEED TO PROVIDE RESTITUTION WHILE ALSO AFFORDING ADEQUATE DETERENCE AND PROTECTION TO THE PUBLIC: 18 U.S.C. §§ 3553(a)(7) and (a)(2)(C)**

Section 3553 requires the sentencing Court to consider "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). In this case, Mr. San Nicolas will owe a large sum in restitution.[1] Repayment will take significant time and effort on his part. Because the amount of restitution is large, it is imperative that Mr. San Nicolas begin paying back what he owes immediately. A sentence below the guideline range would allow Mr. San Nicolas to get back to the workforce and quickly begin paying back the debts he owes.

The significant amount of restitution will also have a deterrent effect on Mr. San Nicolas. Living with this debt over his head, along with the time and effort it will take to pay it off, compounded by the looming prison sentence will ensure that he never puts himself in a similar position again. Additionally, while he still owes restitution, the United States Probation Office will have considerable access, review, and discretion over his finances. This provides further deterrence and an additional layer of protection to the public.

---

[1] Mr. San Nicolas is responsible for approximately $601,906.85, however, the total amount of restitution has yet to be determined due to the complexity of the transactions. (PSR ¶¶ 27, 30). As of the date the Final PSR was issued, two victims had reported a combined amount of $235,385.98. (PSR ¶ 100).

## II. THE COLLATERAL CONSEQUENCES OF MR. SAN NICOLAS' CONVICTION PROVIDE ADDITIONAL PUNISHMENT: 18 U.S.C. §§ 3553(a)(2)(A)

Pursuant to the U.S. Sentencing Guidelines, the Court must consider the need for its sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). In addition to any sentence imposed by the Court, Mr. San Nicolas faces additional punishment from some of the collateral consequences of his actions. These factors are not brought to the attention of the Court to suggest they are unfair or unreasonable, but only to demonstrate the adequacy of the requested sentence.

For years, Mr. San Nicolas was able earn a decent salary based on his training and experience in the IT financial sector. However, given the nature of his felony offenses, he will not hold another position of trust in the banking/financial industry again. The loss of his career is a real and lasting punishment.

Mr. San Nicolas is now a convicted felon. In addition to any impact this may have on his career moving forward, it also has a significant impact on his reputation in the community.

## III. MR. SAN NICOLAS' CONDUCT WHILE ON BOND AND PRETRIAL RELEASE DEMONSTRATES THAT A SENTENCE BELOW THE GUIDELINES IS APPROPRIATE

Mr. San Nicolas was allowed to surrender himself to the United States Marshal Service. Upon his initial appearance he was released on a $5,000 bond with conditions of release. (PSR ¶ 15). Mr. San Nicolas has had nearly flawless conduct while on pretrial release. (PSR ¶ 17).

Mr. San Nicolas entered a plea in the instant case on October 14, 2025. (PSR ¶ 6). In addition to the standard conditions of release, he was ordered not to possess any weapons. During the approximately four months he has been on pretrial release, he has had one instance of non-compliance. (PSR ¶ 17). Mr. San Nicolas failed to appear for a urine analysis. *Id*. The fact that he has been both amenable to his conditions and mostly compliant demonstrates respect for the law and supports the requested downward variance.

## **CONCLUSION**

Ultimately, a sentence below the advisory guideline range is more beneficial to society as it allows Mr. San Nicolas to return to the workforce quicker to pay restitution. The collateral consequences of his sentence, coupled with the intense financial scrutiny he will receive from the United States Probation Office, will ensure the protection of the public and provide substantial deterrence. For these reasons and those stated above, a downward variance is sufficient, but not greater than necessary, to comply with the purposes of sentencing pursuant to 18 U.S.C. § 3553(a).

Respectfully submitted,

_____
LUCI PEREZ, OBA No. 35928
ASSISTANT FEDERAL PUBLIC DEFENDER
FEDERAL PUBLIC DEFENDER ORGANIZATION
WESTERN DISTRICT OF OKLAHOMA
215 Dean A. McGee, Suite 109
Oklahoma City, OK 73102
Telephone: 405-609-5930
Fax: 405-609-5932
Luciana_perez@fd.org
Counsel for Mr. San Nicolas

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of December 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Jackson Eldridge, Assistant United States Attorney.

_____
LUCI PEREZ